# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARC ROMANO,                    )
                                )
    Petitioner,                 )
                                )
    v.                          )          C.A. No. N21M-02-150 JRJ
                                )
KATHLEEN JENNINGS,              )
                                )
    Respondent.                 )

Date Submitted:    May 14, 2021
Date Decided:      May 17, 2021

## ORDER

1.      On March 1, 2021, Petitioner Marc Romano, a prisoner at the James T. Vaughn Correctional Center ("JTVCC"), filed a *pro se* document titled "Petition for a Writ of Mandamus/Motion to Compel/Rule to Show Cause for Serious Physical Illness, Injury or Infirmity" (the "Petition").[1] In his Petition, Romano argues that prison officials at the JTVCC have exhibited deliberate indifference in managing the spread of COVID-19.[2] Due to this alleged indifference, Romano asserts that he has been exposed to a substantial risk of serious physical illness in violation of the Eighth Amendment of the United States Constitution.[3] Romano asks the Court for a writ of mandamus compelling the Department of Correction ("DOC") and the State of

---

[1] Trans. ID. 66377365.
[2] *See generally id.*
[3] *See id.* at ¶ 19.

Delaware "to show cause as to why he should not be released to a lower supervision of custody to avert his inevitable COVID-19 infection."[4]

2. On March 29, 2021, Respondent Kathleen Jennings filed the instant Motion to Dismiss (the "Motion").[5] In her Motion, Jennings argues that Romano cannot pursue a writ of mandamus until he shows that no adequate remedy is available to him.[6] Jennings contends that Romano cannot make that showing because he could have pursued a remedy under 42 U.S.C. § 1983.[7] Jennings further argues that even if Romano's Petition is properly before the Court, Romano "has not established that he has any medical need that is being deliberately disregarded by DOC prison officials."[8] For these reasons, Jennings asks the Court to dismiss Romano's Petition.[9]

3. On March 30, 2021, the Court sent a letter to Romano.[10] In that letter, the Court informed Romano that it had received Jennings's Motion.[11] The Court provided Romano with a copy of the Motion and asked for Romano's response by

---

[4] *Id.* at ¶ 21.
[5] Trans. ID. 66462951.
[6] *Id.* at ¶ 10.
[7] *Id.*
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶ 16.
[10] Trans. ID. 66467094.
[11] *Id.*

2

April 30, 2021.[12]  Importantly, the Court stated that Romano's failure to respond by the deadline would "be deemed a lack of opposition to the motion."[13]

4.      On April 19, 2021, Jennings sent Romano notice that she would be presenting her Motion the Court.[14]

5.      On May 14, 2021, Jennings filed a letter with the Court in which she noted that, as of that date, Romano had not filed his response.[15]  Because Romano was required to file his response by April 30, 2021, Jennings asked the Court to grant her Motion.[16]

6.      The Court deems Jennings's Motion unopposed.  The Court made clear that it would deem the Motion unopposed if Romano failed to respond by April 30, 2021.  Despite adequate notice, Romano failed to meet that deadline.  Accordingly, the Court grants Jennings's Motion.[17]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Kathleen Jennings's Motion to Dismiss is **GRANTED**.

---

[12] *Id.*
[13] *Id.*
[14] *See* Trans. ID. 66527272.
[15] Trans. ID. 66602410.
[16] *See id* (asking the Court to "deny Petitioner's Writ for failure to state a claim upon which relief can be granted").
[17] *See generally Proctor v. Taylor*, 2006 WL 1520085 (Del. Super. Ct. Jan. 18, 2006) (granting respondents' motion to dismiss a petition for a writ of mandamus after deeming the motion unopposed due to petitioner's failure to respond).

**IT IS SO ORDERED.**

*Jan R. Jurden*
_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:  Marc Romano (SBI# 00442780)
    Anna E. Currier (DAG)